**MORGAN, LEWIS & BOCKIUS LLP**
*(Pennsylvania Limited Liability Partnership)*
502 Carnegie Center
Princeton, New Jersey 08540-7814
Terry D. Johnson
Jason J. Ranjo
(609) 919-6669

Grace E. Speights (*pro hac vice*)
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
(202) 739-5189

*Attorneys for Defendants JPMorgan Chase Bank, N.A. and Jamie Dimon*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WANDA WILSON, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK N.A., JAMIE DIMON, individually and in his official capacity, JANE and/or JOHN DOES 1-10, and XYZ Entities 1 to 10. <br><br> Defendants. | Case No.: 2:18-cv-13789-JMV-JBC <br><br> **Oral Argument Requested** <br><br> *ELECTRONICALLY FILED* <br><br> **Motion Day: December 2, 2019** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO <u>THE SOUTHERN DISTRICT OF NEW YORK</u>**

# TABLE OF CONTENTS

                                                                           Page

**INTRODUCTION** ............................................................................................... 1

**ARGUMENT** ..................................................................................................... 1

    I.    Plaintiff's Opposition Should Be Disregarded Because It Exceeds The Maximum Page Limit By 18 Pages. ............................... 1

    II.    Plaintiff Has Failed To Establish A Connection To This Jurisdiction Sufficient To Exercise Personal Jurisdiction Over Defendants. ........................................................................................ 2

    III.    Plaintiff Has Offered No Viable Basis For Establishing Proper Venue ................................................................................................... 5

    IV.    Defendants Did Not Waive Their Jurisdiction Or Venue Defenses .............................................................................................. 6

    V.    Plaintiff Has Failed To Offer Any Viable Basis To Save Her Claims From Dismissal For Failure To State A Claim. ....................... 8

        A.    Plaintiff's Hostile Work Environment Claims Under the NYSHR and the NYCHRL Are Inadequately Pled ................... 8

        B.    Plaintiff's Race Discrimination Claims under the NYSHRL and the NYCHRL are Inadequately Pled ................ 10

        C.    Plaintiff's Retaliation Claims Under the NYSHRL and the NYCHRL are Inadequately Pled ....................................... 11

        D.    Plaintiff's Allegations are Insufficient to Establish Individual Liability on the Part of Mr. Dimon ........................ 12

    VI.    Plaintiff Has Failed To Offer Any Viable Basis To Deny Transfer To The Southern District of New York. .............................. 14

**CONCLUSION** ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Delta Airlines, Inc.*,
  No. 16 CV 1986, 2017 WL 9674513 (E.D.N.Y. Dec. 18, 2017) ........................12

*Chen v. Shanghai Cafe Deluxe, Inc.*,
  No. 17CV02536 (DF), 2019 WL 1447082 (S.D.N.Y. Mar. 8, 2019) ................14

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).............................................................................................3

*Delisi v. Nat'l Ass'n of Prof'l Women, Inc.*,
  48 F. Supp. 3d 492 (E.D.N.Y. 2014) ................................................................14

*Dzielak v. Whirlpool Corp.*,
  No. CV 12-00089, 2018 WL 6985013 (D.N.J. Dec. 21, 2018)............................6

*Erdman v. Union Pac. R.R.*,
  No. 15-cv-5776, 2015 WL 7069659 (D.N.J. Nov. 13, 2015)...............................4

*Exclusive Auto Collision Ctr v. GEICO Ins. Co.*,
  No. 17-13166, 2018 WL 5033753 (D.N.J. Oct. 16, 2018).................................13

*Far West Capital, Inc. v. Towne*,
  46 F.3d 1071 (10th Cir. 1995) .............................................................................5

*First Nat'l Bank of Pa. v. Transamerica Life Ins. Co.*,
  No. CV 14-1007, 2016 WL 520965 (W.D. Pa. Feb. 10, 2016)...........................4

*Gucci Am., Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014) ................................................................................4

*Harris v. Forklift Sys., Inc.*,
  510 U.S. 17 (1993)...............................................................................................9

*Jackson v. Bank of Am., N.A.*,
  No. 16-CV-787G, 2018 WL 2381888 (W.D.N.Y. May 25, 2018) ......................4

*Jannarone v. Sunpower Corp.*,
  No. 18-cv-9612, 2018 WL 5849468 (D.N.J. Nov. 7, 2018)...............................13

# TABLE OF AUTHORITIES

**Page(s)**

*Jewett v. IDT Corp.*,
  No. CIV. A. 04-1454 SRC, 2008 WL 508486 (D.N.J. Feb. 20,
  2008) ..................................................................................................7, 9, 11

*Kaplan v. New York City Dep't of Health & Mental Hygiene*,
  142 A.D.3d 1050 (N.Y. App. Div. 2016) ..........................................................9

*Lewis v. Triborough Bridge & Tunnel Auth.*,
  77 F. Supp. 2d 376 (S.D.N.Y. 1999) ................................................................14

*Magnotti v. Crossroads Healthcare Mgmt., LLC*,
  126 F. Supp. 3d 301 (E.D.N.Y. 2015) ..............................................................12

*Miller v. Native Link Constr., LLC*,
  No. CV 15-1605, 2017 WL 3536175 (W.D. Pa. Aug. 17, 2017)...................3, 4

*Nokaj v. N. E. Dental Mgmt., LLC, No. 16-CV-3035 (KMK)*,
  2019 WL 634656 (S.D.N.Y. Feb. 14, 2019) ....................................................14

*Patane v. Clark*,
  508 F.3d 106 (2d Cir. 2007) ..............................................................................9

*Pellegrini v. Sovereign Hotels, Inc.*,
  740 F. Supp. 2d 344 (N.D.N.Y. 2010)..............................................................14

*Pulizotto v. McMahon*,
  No. 17-CV-9726 (PKC), 2019 WL 3997681 (S.D.N.Y. Aug. 23,
  2019) ................................................................................................................10

*Reynolds v. Int'l Amateur Athletic Fed.*,
  23 F.3d 1110 (6th Cir. 1994) .............................................................................5

*Scalera v. Electrograph Sys., Inc.*,
  848 F. Supp. 2d 352 (E.D.N.Y. 2012) ..............................................................12

*Smith v. Town of Hempstead Dep't of Sanitation Sanitary Dist. No. 2*,
  798 F. Supp. 2d 443 (E.D.N.Y. 2011) ..............................................................14

*Staff4Jobs, LLC v. List Logistics, LLC*,
  No. 3:18-cv-13399-BRM-LHG, 2019 WL 2635997 (D.N.J. June
  27, 2019) ............................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

*T.J. McDermott Transportation v. Cummins, Inc.*,
  No. 14-04209, 2018 WL 355139 (D.N.J. Sept. 9, 2018)......................................6

*Tyson v. Town of Ramapo*,
  No. 17-CV-4990, 2019 WL 1331913 (S.D.N.Y. Mar. 25, 2019).......................13

*W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*,
  712 F.3d 165 (3d Cir. 2013) ................................................................................7

*Walburn v. Rovema Packaging Machines, L.P.*,
  No. CIV.A. 07-3692(PGS), 2008 WL 852443 (D.N.J. Mar. 28, 2008) ...............................................................................................................5, 6

**OTHER AUTHORITIES**

Local Civil Rule 7.2......................................................................................1, 2

Federal Rule of Civil Procedures 12....................................................................6, 7

**INTRODUCTION**

Defendants established in their Moving Brief that the allegations of the First Amended Complaint ("FAC") fall woefully short of stating any cognizable causes of action. Despite its heft, Plaintiff's 48-page Opposition to Defendants' Motion to Dismiss – which is 18 pages longer than the Local Civil Rules allow – offers no colorable basis upon which to save Plaintiff's claims from dismissal a second time. In fact, the bulk of the Opposition merely regurgitates the allegations in the rejected original Complaint, offering no new facts, law or analysis to establish viable claims. Indeed, Plaintiff's failure to address most, if not all, of the arguments in Defendants' Motion confirms that dismissal is appropriate.

For these reasons and those stated in Defendants' Moving Brief, the FAC should be dismissed for lack of personal jurisdiction, improper venue, and/or failure to state a claim upon which relief can be granted. Should any of Plaintiff's claims survive Defendants' Motion, however, this case should be transferred to the Court where Plaintiff's New York-based claims can appropriately be litigated – the U.S. District Court for the Southern District of New York.

**ARGUMENT**

**I. Plaintiff's Opposition Should Be Disregarded Because It Exceeds The Maximum Page Limit By 18 Pages.**

Plaintiff's Opposition is drastically over the prescribed page limit and should not be considered on that basis alone. Pursuant to Local Civil Rule 7.2, opposition briefs "shall not exceed" 30 pages at 12-point font. L. Civ. R. 7.2(a), (d). Briefs

1

exceeding that limit "will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief." L. Civ. R. 7.2(a). Here, Plaintiff's 48-page Opposition is nearly 18 pages over the limit, and Plaintiff and her counsel never sought leave to file an over-length brief. Accordingly, the Court should reject the Opposition in its entirety, or, at the very least, disregard the last 18 pages of the Opposition. Plaintiff should not be permitted to simply flout the Court's Rules.

## II. Plaintiff Has Failed To Establish A Connection To This Jurisdiction Sufficient To Exercise Personal Jurisdiction Over Defendants.

Defendants' Moving Brief established that the FAC should be dismissed because the Court lacks personal jurisdiction over Mr. Dimon and JPMorgan Chase Bank, N.A. ("JPMC" or the "Bank"). (Dkt. No. 23-1, at 13-17.) In particular, Defendants demonstrated that general jurisdiction is lacking because Mr. Dimon does not reside in New Jersey, and because JPMC has its principal place of business in Ohio, and this is not "an exceptional case" where it can be found "at home" in this State. (*Id.* at 15-16.) Further, specific jurisdiction does not exist because **none** of the purported conduct underlying Plaintiff's claims is alleged to have occurred in New Jersey – where she lived but **never** worked. (*Id.* at 16-17.) Plaintiff's arguments in opposition plainly fail.

First, while Plaintiff does not dispute that the Court lacks general jurisdiction over Mr. Dimon, she contends that JPMC is "at home" in New Jersey because,

2

according to certain websites and news articles, JPMC and its parent company (JPMorgan Chase & Co.) (1) maintain various branches and other offices in this State, (2) employ a number of workers here as of 2015, and (3) have been sued in New Jersey 48 times over 5 years. (Dkt. No. 26, at 13.) However, this argument cannot satisfy Plaintiff's *prima facie* burden because it only looks to JPMC's contacts with New Jersey in isolation, and does not examine the Bank's overall activity globally or even nationwide, as required by applicable case law. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014) (recognizing that "the general jurisdiction inquiry does not 'focu[s] solely on the magnitude of the defendant's in-state contacts'" but "instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide"). Otherwise, "[a] corporation that operates in many places can . . . be deemed at home in all of them," and the "at home" requirement "would be synonymous with 'doing business' tests."[1] *Id.* That is simply not the law, and Plaintiff's argument should be disregarded.

Indeed, courts have consistently rejected the very argument advanced by Plaintiff. *See Miller v. Native Link Constr., LLC*, No. CV 15-1605, 2017 WL

---

[1] Plaintiff's attempt to invoke the number of JPMC offices in New Jersey to support general jurisdiction is a prime example of the "local" focus admonished by the Supreme Court. Indeed, while Plaintiff points to the fact that JPMC has 2 private banks in New Jersey, the same document upon which Plaintiff relies shows that 6 such private banks are located in Florida; 5 each in New York, California, and Texas; 3 in Ohio; and 2 each in Louisiana, Illinois Michigan, Pennsylvania, and Oklahoma. Niedweske Cert., Ex. B. Further, while Plaintiff contends that "1 of [JPMC's] securities offices . . . is in the state of New Jersey," there are 20 others in different states, including 4 in California alone. *Id.* To suggest that general jurisdiction exists over JPMC in all of those states is anathema to the Supreme Court's holding in *Daimler*.

3

3536175, at *21 (W.D. Pa. Aug. 17, 2017) (joining *First Nat'l Bank of Pa. v. Transamerica Life Ins. Co.*, No. CV 14-1007, 2016 WL 520965 (W.D. Pa. Feb. 10, 2016) in "specifically reject[ing] the proposition that Chase Bank should be considered 'at home' in Pennsylvania based upon factors such as the substantial annual revenue . . . in the Commonwealth, the hundreds of lawsuits that it had filed in this forum over the past decade, or the presence of an office here").[2]  Defendants cited *Miller* and *First National Bank* in their Moving Brief, but Plaintiff (tellingly) does not – because she cannot – even attempt to distinguish either case.

Second, Plaintiff argues that the Court has specific jurisdiction over both Defendants because "[a] substantial number of communications, including emails, letters, and telephone calls . . . were all directed to her while a resident of and located in the State of New Jersey."[3]  (Dkt. No. 26, at 13-15.)  This argument fails, as an initial matter, because none of those communications are alleged to be discriminatory, retaliatory, or harassing, and none, therefore, form the basis of Plaintiff's claims.  *See Erdman v. Union Pac. R.R.*, No. 15-cv-5776, 2015 WL 7069659, at *4 (D.N.J. Nov. 13, 2015) (specific jurisdiction analysis involves

---

[2] *See also Jackson v. Bank of Am., N.A.*, No. 16-CV-787G, 2018 WL 2381888, at *5 (W.D.N.Y. May 25, 2018) (no general jurisdiction over bank not incorporated in New York but with over 300 branches in that state because plaintiffs failed to show that the bank's "activities or presence in New York constitute a majority or at least a substantial plurality of its overall activities"); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (no general jurisdiction over a bank that had branches in New York, where the bank was incorporated and headquartered elsewhere).

[3] Specifically, as it relates to Mr. Dimon, Plaintiff contends that she contacted him "on at least nine (9) separate occasions, and apparently by accepting these communications, Mr. Dimon "made himself subject to the specific jurisdiction of [this Court]."  (Dkt. No. 26, at 15.)

4

examination of "forum related-activities" that resulted in the alleged injury). This argument fails for the additional, independent reason that mere communications with Plaintiff at her home – whether by email, telephone, or otherwise – are alone insufficient to establish specific jurisdiction.[4] *See Walburn v. Rovema Packaging Machines, L.P.*, No. CIV.A. 07-3692(PGS), 2008 WL 852443, at *7 (D.N.J. Mar. 28, 2008) (recognizing that communications are "arbitrary" contacts when they result from a plaintiff's "unilateral choice of residence").[5]

### III. **Plaintiff Has Offered No Viable Basis For Establishing Proper Venue.**

The FAC should also be dismissed because, as established in Defendants' Moving Brief, venue is proper only in the Southern District of New York, the only jurisdiction where a "substantial part of the events . . . giving rise to [Plaintiff's claims] occurred." (Dkt. No. 23-1, at 17-19.) Plaintiff's **sole** argument in opposition is that "most of the communications between Plaintiff . . . and Defendants took place while Plaintiff . . . was at her New Jersey home." (Dkt. No. 26, at 16.) This argument is baseless. Indeed, Plaintiff cites no case law whatsoever for the proposition that

---

[4] Plaintiff's reliance on *Staff4Jobs, LLC v. List Logistics, LLC*, No. 3:18-cv-13399-BRM-LHG, 2019 WL 2635997 (D.N.J. June 27, 2019) is misplaced. (Dkt. 26, at 14.) That case involved allegations of fraud and claims that the CEO of a New Jersey-based company, who lived in Massachusetts, "purposefully conducted business in New Jersey" by making misrepresentations in meetings he attended in New Jersey and on phone calls directed at individuals in New Jersey. *Id.* at *4. Here, conversely, Plaintiff does not allege that any conduct germane to her claims – discrimination, retaliation, and harassment – occurred in New Jersey.

[5] *See also Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) (holding that "[i]t is well established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts"); *Reynolds v. Int'l Amateur Athletic Fed.*, 23 F.3d 1110, 1119 (6th Cir. 1994) ("The use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process."),

such communications – which are wholly ancillary to her claims – are sufficient to establish proper venue.  Nor does Plaintiff even attempt to address the case law cited in Defendants' Moving Brief which establishes the very opposite standard.  *See* (Dkt. No. 23-1, at 19 (citing *Taube v. Common Goal Sys., Inc.*, No. CIV.A. 11-2380 SDW, 2011 WL 5599821, at *4 (D.N.J. Nov. 1, 2011) (New Jersey-based employee's communications with employer located in Illinois, "at best, have a 'tangential connection' with the parties' dispute surrounding whether she was discriminated against based on her gender or pregnancy").

## IV.    **Defendants Did Not Waive Their Jurisdiction Or Venue Defenses.**

Recognizing that she has presented only baseless arguments to save her claims from dismissal for lack of personal jurisdiction and improper venue, Plaintiff argues that Defendants have waived those defenses because they did not assert them in their motion to dismiss Plaintiff's **initial** Complaint.  (Dkt. No. 26, at 10-12.)  Plaintiff, however, cites only inapposite case law to support this argument.  (*Id.* at 11-12.)  In *T.J. McDermott Transportation v. Cummins, Inc.*, the defendant filed **two** Rule 12 motions in response to **the same pleading**, which the court found "was plainly disallowed under Rule 12(g)."  No. 14-04209, 2018 WL 355139, at *3 (D.N.J. Sept. 9, 2018).  Similarly, in *Dzielak v. Whirlpool Corp.*, the defendant moved to dismiss the **second amended complaint twice**, the second motion coming four years later, and after the court had granted class certification.  No. CV 12-00089, 2018 WL

6

6985013, at *1-2 (D.N.J. Dec. 21, 2018).

Here, conversely, the instant Motion seeks dismissal of the FAC – not Plaintiff's initial Complaint – and this is the **first** Rule 12 motion directed at Plaintiff's entirely new pleading, a pleading asserted under different law. Defendants did not waive their personal jurisdiction or improper venue defenses by not asserting them in response to the **initial** Complaint because the Court dismissed that pleading in its entirety, and the filing of the FAC "supersedes the original [complaint] and renders it of no legal effect." *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quotation marks omitted).

Regardless, Defendants' personal jurisdiction and improper venue defenses were not available when Plaintiff filed the initial Complaint because that pleading did not allege where Plaintiff worked, and it only asserted claims under New Jersey law. *See Jewett v. IDT Corp.*, No. CIV. A. 04-1454 SRC, 2008 WL 508486, at *2 (D.N.J. Feb. 20, 2008) (Rule 12 defense not waived if it "was not available at the time of the filing of the initial motion"). It was not until the filing of the FAC that Plaintiff acknowledged that she worked as an administrative assistant in JPMC's "New York City executive offices" and asserted all claims under New York law. (FAC ¶ 12.) In sum, Plaintiff's attempt to hide the ball precluded Defendants from asserting specific jurisdiction and improper venue defenses because such defenses require an analysis of the location of events underlying the claims at issue, something

7

Plaintiff did not allege until *after* the Court dismissed her initial Complaint.[6]

## V. Plaintiff Has Failed To Offer Any Viable Basis To Save Her Claims From Dismissal For Failure To State A Claim.

### A. Plaintiff's Hostile Work Environment Claims Under the NYSHR and the NYCHRL Are Inadequately Pled.

In their Moving Brief, Defendants established that Plaintiff's race-based hostile work environment claims should be dismissed because the purported harassment as alleged in the FAC – on its face – had nothing to do with Plaintiff's race and, even if it did, Plaintiff's allegations relate to ordinary workplace conduct and, at most, constitute petty slights, which are not actionable.[7] (Dkt. No. 23-1, at 20-24.) Plaintiff offers several baseless arguments in opposition, all of which fail.

Plaintiff first argues that viewing "the totality of the circumstances faced by Plaintiff" somehow establishes "ongoing, severe, threatening and humiliating" conduct. (Dkt. No. 26, at 28.) This argument, however, is just as conclusory as the FAC, and it fails to address any of the arguments or case law cited in Defendants' Moving Brief. (Dkt. No. 23-1, at 22-26.) Indeed, Plaintiff's entire analysis consists of a 10-page recitation of her allegations, but at no point does she point to any specific conduct that, even taken as a whole, rises above petty slights that are not

---

[6] Plaintiff's argument is also factually incorrect, as Defendants preserved their personal jurisdiction defense, as to Mr. Dimon, in Defendant's initial motion to dismiss. (Dkt. No. 9-1, at 33 n.3.) While that fact is of no moment for the reasons stated above, Plaintiff conveniently overlooks it.

[7] While Plaintiff contends that an amendment to the NYSHRL has changed the standard for harassment claims, that change only affects claims that have accrued "on or after the effective date" of the amendment—i.e., October 11, 2019. NY LEGIS 161 (2019), 2019 Sess. Law News of N.Y. Ch. 161 (S. 6594). Thus, the amendment does not apply to Plaintiff's NYSHRL claim.


actionable. (Dkt. No. 26, at 19-28.) Nor does Plaintiff even attempt to offer any analogous case law to demonstrate that the allegations in the FAC constitute unlawful harassment.[8] This conclusory argument should be rejected.

To the extent Plaintiff cites a single case for the proposition that the sufficiency of her harassment claims under the NYCHRL generally "does not lend itself to a pre-answer motion to dismiss," that case is distinguishable as it involved allegations of sexual harassment that – unlike the allegations in this case – were overtly crude, offensive, and sexual in nature, i.e., the plaintiff alleged that "her supervisor rubbed his hand back and forth over his groin and inner thigh while making 'grunting noises of a sexual nature.'" *See Kaplan v. New York City Dep't of Health & Mental Hygiene*, 142 A.D.3d 1050, 1051 (N.Y. App. Div. 2016). Here, however, even Plaintiff acknowledges the FAC alleges "no overt racist actions or statements."[9] (Dkt. No. 26, at 30 n.4; *see id.* at 31 (Plaintiff "not alleging that anyone at [JPMC] referred to her using a racial epithet or made overtly racist remarks.").)

Moreover, on that point, Plaintiff's acknowledgement that no one at JPMC ever directed any race-related comments to her of any kind is fatal to her hostile

---

[8] Plaintiff cites two cases that stand for the general proposition that courts should look at the totality of the circumstances when evaluating the sufficiency of hostile work environment claims. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (reversing lower court decision that failed to "look[] at all circumstances" surrounding hostile work environment claim); *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (same).

[9] In addition, *Kaplan*'s holding was limited to harassment claims under the NYCHRL and does not apply to Plaintiff's NYSHRL claim. *See* footnote 7, *supra*.

9

work environment claims. As Defendants' demonstrated in their Moving Brief, absent such allegations, Plaintiff's claims are not actionable and should be dismissed. (Dkt. 23-1, at 21-24.)[10]

### B. Plaintiff's Race Discrimination Claims under the NYSHRL and the NYCHRL are Inadequately Pled.

As Defendants established in their Moving Brief, Plaintiff's race discrimination claims should be dismissed because the FAC alleges no facts or circumstances to plausibly establish that Plaintiff was treated in any way less favorably because she is African American. (Dkt. No. 23-1, at 27-30.) Having admitted that the FAC contains no overt acts of discrimination, Plaintiff contends that her discrimination claim should survive dismissal because she "was subjected to a more subtle form of race discrimination where she witnessed her non-African American colleagues being treated more favorably in the terms and conditions of employment." (Dkt. No. 26, at 32-33.) This argument fails because, as demonstrated in Defendants' Moving Brief, Plaintiff's only allegations of purported disparate treatment at JPMC are conclusory and should be disregarded. (Dkt No. 23-1, at 27-29.) That is, Plaintiff does not identify a single non-African American employee who allegedly was treated more favorably, nor does she identify a single

---

[10] Plaintiff appears to contend that because she was no "shrinking violet," the conduct she allegedly experienced must rise to the level of actionable conduct. (Dkt. No. 26, at 29.) However, her subjective view is irrelevant. *See Pulizotto v. McMahon*, No. 17-CV-9726 (PKC), 2019 WL 3997681, at *13 (S.D.N.Y. Aug. 23, 2019) (plaintiff's subjective view of alleged harassment no matter how "strongly felt" is insufficient to survive motion to dismiss).

promotion, pay raise, or other opportunity that she claims was denied to her because of her race. Plaintiff's Opposition does not even attempt to address this fatal defect, and her discrimination claims should, therefore, be dismissed.[11]

### C. Plaintiff's Retaliation Claims Under the NYSHRL and the NYCHRL are Inadequately Pled.

Defendants established in their Moving Brief that Plaintiff's retaliation claims should be dismissed because she failed to allege any "materially adverse" conduct on the part of Defendants other than the termination of her employment, and she has averred **no** facts to plausibly tie the termination decision to her complaints of purported discrimination. (Dkt. No. 23-1, at 30-33.) In response, Plaintiff does not directly address either of these arguments. (Dkt. No. 26, at 36-36.) Rather, she merely lists a number of allegations in the FAC and states – in conclusory fashion – "[t]he adverse action taken against Plaintiff . . . after she complained of hostile work environment and discrimination clearly evidence causal connection." (*Id.* at 35-36.) That is it. Plaintiff's half-hearted assertion does not come close to alleging a causal nexus sufficient to sustain a claim under applicable law. Absent any additional

---

[11] While Plaintiff contends that she "addressed the causal connection between the treatment she was receiving and her race," she does so only by referencing conclusory allegations that should be disregarded. (Dkt. No. 26, at 32.) *See* (FAC ¶ 72 ("My 20 years of service anniversary date has passed. If I was white you would have contacted me or at least emailed my employee recognition gifts to my home."); *id.* ¶ 76 (citing a letter titled "Racism at its best"); *id.* ¶ 77 (vaguely referencing a "racist situation"); *id.* ¶ 83 ("I experienced racism from the day I joined JPMorgan but it was different. It was called undercover racism."); *id.* ¶ 86 ("You said you would not tolerate black employees being treated differently and what has happened and is still happening to me is the opposite of what you preach."); *id.* ¶ 100 (referencing the unidentified "disparate treatment of Black employees as compared to their non-Black colleagues").)

11

explanation or supporting case law, this argument should be rejected and Plaintiff's retaliation claims dismissed.[12]

### D. Plaintiff's Allegations are Insufficient to Establish Individual Liability on the Part of Mr. Dimon.

Plaintiff's claims against Mr. Dimon – the CEO of JPMC's parent company, who never met or otherwise communicated directly with Plaintiff – should be dismissed because, as Defendants have shown, the allegations in the FAC are insufficient to establish liability either directly through "actual participation" in discriminatory or retaliatory conduct or as an aider and abettor of such conduct. (Dkt. No. 23-1, at 33-37.) In her Opposition, Plaintiff contends that Mr. Dimon may be directly liable regardless of his participation in any alleged misconduct merely because he purportedly has an "ownership interest" in JPMC.[13] (Dkt. No. 26, at 37-38.) This argument fails because Plaintiff alleges no facts beyond Mr. Dimon's corporate title (President and CEO of JPMC's parent company) to support that

---

[12] To the extent Plaintiff alleges that she purportedly "noticed" racial disparity at JPMC but "never spoke" because she supposedly witnessed other employees "face adverse consequences" for objecting to such conduct, that argument is baseless. (Dkt. No. 26, at 36-37.) The FAC offers no specific examples of discrimination or retaliation of other JPMC employees. In any event, that Plaintiff failed to report any prior conduct she felt was problematic is irrelevant to her claims here.

[13] None of the cases Plaintiff cites provide support for her claims against Mr. Dimon because those cases either resulted in the dismissal of the individual defendant or involved situations where the individual defendant was directly involved in the employment decisions at issue. *See Adams v. Delta Airlines, Inc.*, No. 16 CV 1986 , 2017 WL 9674513, at *8 (E.D.N.Y. Dec. 18, 2017) (dismissing claims against CEO of Delta Airlines); *Scalera v. Electrograph Sys., Inc.*, 848 F. Supp. 2d 352, 373 (E.D.N.Y. 2012) (ruling that the evidence was insufficient to establish that operations director has an ownership interest in employer); *see also Magnotti v. Crossroads Healthcare Mgmt., LLC*, 126 F. Supp. 3d 301, 314 (E.D.N.Y. 2015) (denying motion to dismiss where individual defendant directly interacted with the plaintiff and made employment decisions).

12

argument.[14]  *See Tyson v. Town of Ramapo*, No. 17-CV-4990, 2019 WL 1331913, at *19 (S.D.N.Y. Mar. 25, 2019) (dismissing individual defendant where plaintiff "alleged no facts beyond their titles that would allow the Court to determine whether they had 'an ownership interest'").  In addition, as even Plaintiff recognizes, ownership interest alone is insufficient to establish direct liability on the part of an individual; it also must be shown that the individual has "minimum culpability," which – as demonstrated below and in Defendants' Moving Brief – is entirely absent here.  (Dt. No. 26, at 37.)

Plaintiff also argues that Mr. Dimon may be liable as an aider and abettor because, over the course of more than a year, she directed emails to him approximately 7 times "for [his] assistance with no response" and no attempt to "address [her] complaints."  (Dkt. No. 26, at 40, 44.)  But Defendants anticipated this argument in their Moving Brief, and explained why it is baseless.  (Dkt. No. 23-1, at 35-36.)  It bears repeating, however, that Plaintiff's theory that JPMC took no steps to address her concerns is simply implausible given the allegations in the FAC, which include that the Bank:  (1) investigated the concerns Plaintiff raised (FAC ¶¶ 49-52, 70-71); (2) granted Plaintiff an extended medical leave immediately after she

---

[14] While Plaintiff attaches a number of articles related to Mr. Dimon's purported interest in JPMC's parent company, those articles are not referenced in the FAC and cannot be considered on a motion to dismiss because it is well settled that "a party cannot amend its complaint through its opposition brief."  *Exclusive Auto Collision Ctr v. GEICO Ins. Co.*, No. 17-13166, 2018 WL 5033753, at *2 (D.N.J. Oct. 16, 2018); *see Jannarone v. Sunpower Corp.*, No. 18-cv-9612, 2018 WL 5849468, at *2 n.2 (D.N.J. Nov. 7, 2018) (same).

first directed concerns to Mr. Dimon, (*id.* ¶¶ 63-69); (3) permitted her to no longer report to the manager about whom she complained; and (4) paid her for over a year while assisting her to find another job within JPMC (*id.* ¶¶ 82, 112). Because Plaintiff can point to **no** allegations of purported harassment that went unabated or otherwise unaddressed by JPMC after her first communication to Mr. Dimon on April 17, 2017, her claims against him fails as a matter of law.[15]

## VI. Plaintiff Has Failed To Offer Any Viable Basis To Deny Transfer To The Southern District of New York.

Finally, Defendants demonstrated that, should the Court to decline to dismiss Plaintiff's claims in their entirety, it should transfer this matter to the Sothern District of New York – the only suitable jurisdiction. (Dkt. No. 23-2, 37-40.) Plaintiff's Opposition does not address **any** of the case law cited by Defendants. Nor does she offer **any** legal support for the proposition that a balancing of the relevant public and

---

[15] All of the cases Plaintiff cites are inapposite because they each involve alleged harassing conduct that either was perpetrated by the individual defendant, was never investigated, or continued even after concerns were raised to the individual defendant. *See, e.g.*, *Delisi v. Nat'l Ass'n of Prof'l Women, Inc.*, 48 F. Supp. 3d 492, 496 (E.D.N.Y. 2014) (complaints went unanswered and investigated, resulting in continued harassment); *Nokaj v. N. E. Dental Mgmt., LLC, No. 16-CV-3035 (KMK)*, 2019 WL 634656, at *7 (S.D.N.Y. Feb. 14, 2019) (individual defendant received numerous harassment complaints but failed to report them); *Chen v. Shanghai Cafe Deluxe, Inc.*, No. 17CV02536 (DF), 2019 WL 1447082, at *15 (S.D.N.Y. Mar. 8, 2019) (individual defendants may have participated in the alleged discriminatory conduct); *Smith v. Town of Hempstead Dep't of Sanitation Sanitary Dist. No. 2*, 798 F. Supp. 2d 443, 454 (E.D.N.Y. 2011) (employer may have never investigated hanging of noose in the workplace); *Pellegrini v. Sovereign Hotels*, *Inc.*, 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) (manager terminated plaintiff's employment); *Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F. Supp. 2d 376, 378 (S.D.N.Y. 1999) (continued sexual harassment "[d]espite numerous complaints over a period of two years); (individual defendants "rebuked [plaintiff] for complaining . . . and refused to transfer her to another squad without effectively demoting her").

14

private interest factors weighs in favor litigating her claims in this District, which has **zero** connection to the allegations at bar.  Rather, Plaintiff's primary argument is that transfer would "result[] in a waste of time, energy and money, and the failure to protect [her] rights."  (Dkt. No. 26, at 46.)  That argument is baseless.  Plaintiff does not explain how it would be inefficient or procedurally disadvantageous to litigate this case in New York, where all of the underlying conduct is alleged to have occurred, and where all of the witnesses (except Plaintiff) are likely to be located, particularly where discovery has yet to commence.

Plaintiff improperly filed this action in New Jersey and seeks to keep it here for the sole reason that it is more convenient for **her**.  As Defendants have established, Plaintiff's preference is irrelevant where **all** of the underlying conduct is alleged to have occurred elsewhere.  (Dkt. No. 23-1, at 38.)

### CONCLUSION

For the foregoing reasons and those stated in Defendants' Moving Brief, the instant motion should be granted and all of Plaintiff's claims dismissed.  Alternatively, this matter should be transferred to the Southern District of New York.

Dated:  November 25, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

s/ Jason J. Ranjo
Grace E. Speights (admitted *pro hac vice*)
Terry D. Johnson
Jason J. Ranjo

15